## Lockwood and others *against* Weed and others.

THIS was an appeal from a decree of probate, ordering a distribution of two tracts of land in *Stamford*, part of the estate of *Daniel Scofield* deceased, to his heirs at law. The appellants were the *North Baptist Society* in *Stamford*, by their agents, *Lockwood* and others.

The case was as follows. On the 7th of *May* 1812, *Daniel Scofield* made and published his last will, containing the first " to lie as a parsonage forever," and the rents and profits of the other " to be paid to said church for the sole purpose of supporting the gospel in the North *Baptist* meeting-house ;" and then added, that " when said church shall neglect or refuse to keep a regular authorized minister to preach among them, or shall be moved to any other place, or shall alter in any way, or form the church in different sentiments than what it is now, or shall offer to move the property to any other place than what it now is, then the property and land to return to my heirs at law : So long as said church shall fulfil as aforesaid, they may give a part to the poor of said church." Held, that this devise was to the *church* of the North *Baptist* congregation, and not to the congregation, nor to the church *in trust* for the congregation.

following devise : " I give, grant and devise unto the church of the *North,* or *New, Baptist* church, in the town of *Stamford,* in *Fairfield* county, all my land joining my house, with the buildings, to lie as a parsonage forever ; (conditions more fully hereafter mentioned) bounded &c. ; and also, another piece on the east side of the highway, bounded &c. ; and that the use, and improvement, and interest arising on said land, to be paid to said church, for the sole purpose of supporting the gospel in the *North Baptist* meeting-house ; and when said church shall neglect or refuse to keep a regular authorized minister to preach among them, or shall be moved to any other place, or shall alter in any way, or form the church in different sentiments than what it is now, or shall offer to move the property to any other place than what it now is ; then the property and land to return to my heirs at law : So long as said church shall fulfil as aforesaid, they may give a part to the poor of said church." The testator died soon afterwards, seised of the lands in question ; and his will was duly proved and approved. There was, at the time of making the will, and long has been, a congregation of christians in *Stamford,* by the name of *The North Baptist Congregation,* being a legal corporation, duly organized and formed ; and there never has been any church or congregation in *Stamford* known by that name, except the appellants. There was also, at the time of making the will, before, and since, a church, composed of a part of said congregation. Upon these facts, the superior court were of opinion, that the devise was made to the communicants composing the church of said congregation, who were not a legal corporation, and were incapable of taking. The devise was, therefore, held to be void ; and the decree of probate was affirmed.

The appellants thereupon moved for a new trial, on the ground that the court, in so deciding, had mistaken the law ; which motion was reserved for the consideration and advice of the nine Judges.

*N. Smith* and *Chapman,* in support of the motion, contended, 1. That admitting a devise to " the church of the *North Baptist* church" must be taken to be a devise to the *communicants* of that church, yet such devisees are capable of taking the estate devised. If the persons named as devisees are so described that they can be ascertained, they may

*Hartford,*
November,
1817.

Lockwood
*v.*
Weed.

take, though they are not a corporation. *Shep. Touch.* 415. A devisee may as well be constituted by *description* as by *nomination : e. g.* devisees may be constituted by the words " child" or " children"—" stock," " family," " house." *Pow. Dev.* 320, 337, 344, 346. All the cases applicable to this point turn on the question of *reasonable certainty ;* and the certainty is made out by parol evidence. Now, the communicants of a church may be as easily and as accurately ascertained as the members of a family. Suppose a devise be to the judges of the supreme court, to the president and professors of *Yale-College,* or to the inhabitants of a certain district ; cannot all these be ascertained by evidence *aliunde?* And will any one contend, that such a devise would be void for uncertainty ? The *number* of the devisees never forms, of itself, an objection to the devise. To substantiate the objection urged in this case, it must appear, that by no legal evidence can it be shewn who are the communicants.

2. That the word " church," as used in this devise, is synonimous with " congregation." That the word " church" will admit of this sense, is evident from our statute, *tit.* 138. where " church" and " congregation" are used as words of equivalent import. Then, of two meanings that which will give effect to the devise is to be preferred, on the familiar principle *ut res magis valeat quam pereat.* In construing a devise, the whole will must be taken together. If it can be gathered from the whole will for whose benefit the devise was intended, the court will carry into effect such intent. Now, the congregation of *Baptists* in the northern part of *Stamford,* was evidently the object of the testator's bounty. One piece of land, with the buildings upon it, is given " to lie as a *parsonage* forever." A " parsonage," in *England,* appertains to a benefice ; and, in this state, must mean the property of an ecclesiastical society. By another clause, the rents and profits of the land are given " for the sole purpose of supporting the gospel in the *North Baptist meeting-house ;*" an object in which the whole congregation, and not the church merely, are interested. The intent of the testator to give the estate to the congregation being established, there cannot be a doubt whether this corporation is sufficiently described. The legal and proper name of a corporation is not required in a devise : it is sufficient if it be so designated that it may be known. *Pow. Dev.* 493, 4. It was determined in a very

*Hartford,*
November,
1817.

*Lockwood*
*v.*
*Weed.*

early case which has never since been questioned, that the words " *ecclesia sancti Andreæ de Holborn,*" were a sufficient description of the corporation of *the parson of the church of Saint Andrew in Holborn, and his successors.* 21 *Rich.* 2. *Devise* 27. *S. C.* cited 10 *Co.* 57. *b.* *Plowd.* 345. *a.* 523. *Pow. Dev.* 403.

3. That if the devise be to the communicants of the church, and they are incapable of taking the beneficial interest, yet they may take as *trustees* of the congregation. " If a man devise goods to the *parishioners* of the parish of *S. to the use of the church ;* this is a good devise, and the church-wardens may recover it." *Shep. Touch.* 415. *Com. Dig. tit.* Devise. (K.)

*Sherman* and *Hatch,* contra, remarked, that the case presented two questions ; first, to whom is this devise made ? secondly, can the devisees take ? They contended,

1. That the devise was manifestly to the *church,* and not to the congregation. This is the import of the words used, according to their literal and ordinary acceptation. The testator says explicitly, that he gives the property to the *church.* It is also apparent from other parts of the will, that he intended the church should have the property. The rents and profits of the land are to be paid to the *church,* to aid *them* in supporting the gospel. The conditions prescribed in the will are to be performed by the *church.* And the provision for the relief of the poor is confined to " the poor of said *church.*"

2. That a church is a community not incorporated ; and it is a clear principle of law, that a community not incorporated cannot take an estate in fee. 1 *Swift's Syst.* 225. *Boutelle & al.* v. *Cowdin,* 9 *Mass. Rep.* 254, 10 *Co.* 26. *b.* *Com. Dig. tit.* Capacity. (B. 1.) *Hornbeck* v. *Westbrook,* 9 *Johns. Rep.* 73, 74. *Jackson* d. *Cooper & al.* v. *Cory,* 8 *Johns. Rep.* 385. 388. *Barker* v. *Wood,* 9 *Mass. Rep.* 419.

In reply to the claim of the appellants, that the devise was to the communicants of the church *in trust* for the congregation, it was remarked, that this was a gratuitous assumption, as there is not a word in the will indicating such an intention. If the testator intended to make the church his devisees, in *any* sense, he clearly meant to give them the beneficial interest. This is manifest from every part of the will ; but there is

one consideration which is conclusive, *viz.* that the devise is made forfeitable *by an act of the church.* Besides, if this point were conceded to the appellants, it would not help their case. The *trustee* must be capable of taking a legal estate, though the *cestuy que trust* need not be.

SWIFT, Ch. J. The expressions made use of by the devisor clearly shew an intent to devise the estate to the church, as such, and not to the congregation. The words " *to the church of the north Baptist Church,*" exclude the idea that he intended the congregation should be the object of his bounty. Had he named the North *Baptist* church only, I should have presumed, that he considered church as synonimous with congregation, and intended to have devised the estate to the congregation : But the expression, " *church of the North Baptist church*" must have been intended for some special purpose. If he had intended to have given the estate to the congregation, he had nothing to do but so to express it. The words of the devise can be accounted for only on the idea of excluding the congregation ; and they are appropriate and proper, if it was his intention that the church, or body of communicants, should take the estate. This only could have been the object of this peculiar phraseology ; and on any other construction it is an utter absurdity. This meaning of the expression is perfectly consistent with the subsequent directions respecting the devise.

It is equally evident, that it was the intent of the devisor that the estate should be for the use and benefit of the church ; and that he did not make the church, or its members, trustees, to hold the estate in trust and for the use of the congregation. The support of the gospel ministry in the North *Baptist* meeting-house, was a benefit to the church ; and though it might also be a benefit to the congregation, yet this was incidental, while the direct object of the testator was a benefit to the church. But the last direction must shew the design of the testator beyond all doubt. In a certain event, the devisees may give a part to the poor of the church. This was for the benefit of the church ; and it cannot be presumed, that it was the intent of the testator, that the devisees were to hold the estate in trust, partly for the use of the congregation, and partly for the use of the church. The plain import, and fair construction is, that the devise

*Hartford,*
*November,*
*1817.*

Lockwood
*v.*
Weed.

was to the church of the North *Baptist* congregation, for their use and benefit.

Whether the church can take the devise or not, it is unnecessary now to decide ; for it is not a party to the record. It is sufficient to say, that the devise was not made to the congregation.

In this opinion the other Judges severally concurred, except GOULD, J. who gave no opinion, having been absent, by reason of indisposition, when the case was argued.

New trial not to be granted.