THE CITIZENS & MANUFACTURERS NATIONAL BANK, TRUSTEE, *vs.* EDMOND E. GUILBERT ET ALS.

Maltbie, C. J., Hinman, Banks, Avery and Brown, Js.

Argued June 3d—decided July 10th, 1936.

*William B. Fitzgerald,* for the appellants (defendants Guilbert et als.).

*Patrick Healey,* for the appellee (plaintiff).

*Edward J. Daly,* Attorney General, and *Charles J. McLaughlin,* Deputy Attorney General, concurred in the brief of the appellee, in behalf of the State of Connecticut.

HINMAN, J. By his will, dated March 11th, 1915, George Panneton, of Waterbury, made separate specific bequests to or for his two brothers, sister, and four nephews, being all of his heirs at law, and two other persons, also bequests, ranging in amount from $200 to $500, to eleven charitable and religious organizations and institutions, including one of $200 to "the Old People's Home, in care of the Little Sisters of the Poor, of New Haven." He also bequeathed the income of $2000 for ten years to the Society of St. Vincent De Paul of Waterbury, the principal then to become part of his residuary estate. The will then

provided, in Article Fifteenth: "All of the rest, residue and remainder of my estate, real and personal, I give, devise and bequeath to the said Little Sisters of the Poor, and its successors, a charitable organization of the city of New Haven, in trust, to expend the income of said rest, residue and remainder in establishing and providing a Home in said Waterbury, for the aged worthy poor of said Waterbury, in memory of my deceased wife, Eunice A. Panneton."

Panneton died November 24th, 1920, the will was admitted to probate, the estate was administered by the executors named, and the legacies were paid. The Little Sisters of the Poor declined to act as trustee under paragraph fifteenth and the Court of Probate appointed the Merchants Trust Company trustee thereunder as well as under other paragraphs bequeathing income only. The plaintiff, as successor trustee, brought, in 1935, this action for determination of certain questions concerning the gift to the Society of St. Vincent De Paul, not involved in this appeal, and for adjudication: (1) "Whether the gift under paragraph 15 of the will is valid." (2) "Whether or not the doctrine of approximation may and should be applied to the gift under said paragraph 15; or whether the trustee should hold such funds for accumulation until it shall be possible literally to carry out the purpose of the testator." (3) "Whether, if such gift under paragraph 15 is valid, the plaintiff trustee may hold the funds thereunder, and if so upon what terms and conditions may it hold and manage such funds."

Admitted allegations of the complaint include that the fund held by the plaintiff under paragraph fifteen ($27,746.79) with additions to be made from principal under other paragraphs, amounting to about $3877, in the opinion of the trustee is inadequate and insuffi-

cient to carry out the purposes and intentions of the testator strictly in accordance with the language of that paragraph. It is impracticable and impossible to establish and provide a home for the aged worthy poor in Waterbury, through the expenditure of the income of such funds, and in the opinion of the trustee, the attempted literal application of the income of the fund not only would be inadvisable and unwarranted, but would defeat the dominant intent and main purpose of the testator. The building up of the capital of such fund through the accumulation of income to a point so that the direction of the testator could be followed literally and precisely would require an indefinitely long period of time, while there is and continuingly will be need for the current administration of such fund to benefit the aged worthy poor of Waterbury. There is not now in existence any home in Waterbury for the aged poor, but there are various institutions now in existence which render and are in position to render charitable services to the aged worthy poor, among them being St. Mary's Hospital and the Waterbury Hospital, and in the opinion of the trustee the essential purpose and intention of paragraph fifteen can best be effectuated by authorizing the trustee to use the net income for the shelter, support and care of aged worthy poor of Waterbury, within either St. Mary's Hospital, Waterbury Hospital, their own homes, the homes of others, or other institutions.

The defendants, who are the heirs at law of the testator, claimed in their answer that the doctrine of approximation cannot be applied, that the trustee has no right to hold the fund until by accumulation of income it becomes sufficient to literally comply with the bequest, that the gift is invalid, and that the principal and accumulated interest now belong and are distributable to them.

The trial court held that the gift is valid, and that the doctrine of approximation may and should be applied, and rendered judgment directing the trustee "to consolidate the principal and income of the funds in its hands into one fund to be denominated 'The Eunice A. Panneton Fund,' in memory of the deceased wife of the testator, to be permanently held by it and its successors as trustee for the purposes hereinafter set forth." From this fund, the trustee is directed to pay $500 allocated to the Society of St. Vincent De Paul under the issues pertaining to the gift to that organization and the sums allowed as counsel fees and expenses. "The net income of the balance shall be expended by it and its successors as trustee in its and their discretion for the shelter, support and care of the aged, worthy poor of said Waterbury within either St. Mary's Hospital, or the Waterbury Hospital, both located in said Waterbury, or within their own homes, the homes of others, or other institutions."

It appears from the memorandum of decision that the trial court regarded *Shannon* v. *Eno,* 120 Conn. 77, 179 Atl. 479, as decisive of the crucial question—applicability of the doctrine of approximation,—and that case is clearly determinative unless distinguishable because of differences in operative facts so material as to vitiate its authority as pertains to the present case. As to the history, nature and limitations of the doctrine, it suffices to cite the discussion in *Shannon* v. *Eno,* p. 86 et seq. The effect of its application is to carry out the real or dominant intention of the testator, though the particular method prescribed for accomplishing that purpose proves impossible or impracticable. Idem, p. 88. If the dominant purpose of the testator was to provide for the shelter, support and care of aged worthy poor in Waterbury, comparable to the intent of the testator in *Shannon* v. *Eno* to provide

assistance to worthy poor protestant women by furnishing them shelter, food and care, approximation is as appropriate here as in that case. Also, if the will manifests a purpose, instead of or in addition to that just mentioned, of providing a memorial for the testator's wife of such a nature that, as the trial court ruled, it can be adequately satisfied through a fund created and maintained in her memory, and bearing her name, the establishment and administration of such a fund would be within the purview and scope of the doctrine invoked. Therefore the presence in the will of the specification that the gift be in memory of his wife would not necessarily differentiate it from the Eno will, although that included no such provision.

The appellants depend chiefly upon a contention that the intent manifested by the testator with reference to a memorial to his wife requires such a "visible, conspicuous and tangible symbol" that nothing other or less than a building, designed for and maintained as a home for the aged poor and bearing the name "Eunice A. Panneton Memorial Home," or the like, will suffice to satisfy it. We may concede that such a building might be the most complete realization of the purpose contemplated by this provision of the will, but we cannot follow the appellants to the length of viewing it as the exclusive means of executing the general intent which he manifested, and which, we think, was predominantly charitable. This is indicated not only by the particular provision in question but signficantly also by the scheme of the will as a whole. In the first six paragraphs, following the formal direction to pay debts, the testator made specific provision, in such amounts and manner as he desired, for each and all of his next of kin, and two other personal bequests; then he devoted the next seven paragraphs to gifts which are indubitably charitable, and followed these

with the clause now being considered. This is enough, in our view, to show that the charitable impulse which is manifested by the preceding seven paragraphs also pervaded this one and characterizes its general and dominant intent, although including and coupled with the purpose of permanently honoring the memory of his wife.

A questioned paragraph is to be so construed as to harmonize so far as possible with the other provisions of the will and to carry out the underlying intent of the testator as disclosed by the entire will. *West Haven Bank & Trust Co.* v. *McCoy,* 117 Conn. 489, 491, 169 Atl. 49. Certainly this will nowhere manifests any wish or intent to benefit the testator's relatives further than the specific gifts provided for each. *Brinsmade* v. *Beach,* 98 Conn. 322, 331, 119 Atl. 233. The presence of the general residuary clause shows an intent to avoid partial intestacy, and in case of doubt the provisions of a will are to be interpreted, if they reasonably may be, so as to obviate it. *Hartford-Aetna National Bank* v. *Weaver,* 106 Conn. 137, 142, 137 Atl. 388; *Brinsmade* v. *Beach,* supra, p. 330; *Newell* v. *Beecher,* 98 Conn. 263, 270, 119 Atl. 233. It is safe to say that a possibility that, by partial intestacy, both the testator's charitable purpose and that to create a memorial to his wife might be defeated and the bulk of his estate go to heirs whom he had already provided for as fully as he wished, was farthest from his contemplation.

The cases cited by the appellants in support of their contention that nothing but a memorial building will satisfy the requirements are largely distinguishable. We mention a few by way of illustration. In *Eliot's Appeal,* 74 Conn. 586, 51 Atl. 558, wherein an intent that a chapel be erected was held to be predominating, the will specifically directed the erection of it in a des-

ignated location, and that it should be known as Forbes Chapel, the maiden name of the testatrix having been Forbes and the funds in dispute coming from the Forbes family (p. 602). In *Bowden* v. *Brown,* 200 Mass. 269, 86 N. E. 351, the residuary bequest was to a town toward the erection of a building for the sick and poor without homes, which the town refused to accept. This gift was not one for the erection of a building entirely from the proceeds of testatrix's property, but it was to be built by the town with such aid as would be derived from the use of her gift. In *Teele* v. *Bishop of Derry,* 168 Mass. 341, 47 N. E. 422, it was held (p. 344) that the leading purpose in the mind of the testator was the building of a chapel in a specified village in Ireland whereby the inhabitants would be spared the necessity of traveling to another village to attend services, and that the benefits of the gift could not be diverted to the church in the latter village. In *Allen* v. *Nasson Institute,* 107 Me. 120, 77 Atl. 638, the bequest was to trustees the income to be used for the establishment of an institution for educating young ladies to be known as Nasson Institute and to be of a type higher than and distinct from the town high school. The gift, which was insufficient to erect and maintain the specified institution, was held to be for that particular purpose only and not subject to diversion to assist the town in maintaining its high school. In the foregoing cases it appeared that "the mode was the substance of the gift." *In re Rymer,* L. R. (1895) 1 Ch. Div. 19, 35.

Even if the wish of the testator to create a memorial for his wife was to be regarded as dominant, it is apparent that a literal adherence to the method adopted by the testator would practically frustrate it. The will authorizes the expenditure of the income only of the residuary estate and the principal of this is so

relatively small in amount that, at best, a period so protracted as to be regarded as practically interminable would be required to accumulate a sum sufficient to establish and maintain such a home as the appellants claim is required. In the meantime not only would the aged poor of Waterbury be deprived of any benefit but there would be lacking any effective memorial to the wife. On the other hand, as the trial court held, both these purposes can be well served by the substitution of the method prescribed by the judgment, which seems to be well calculated to preserve and effectuate those purposes and approximate the method selected by the testator, including preservation of the trust fund and expenditure of income only, as fully and nearly as existing conditions permit. Therefore it is a proper application of the doctrine of approximation. *Newton* v. *Healy, Attorney General,* 100 Conn. 5, 11, 122 Atl. 654.

A further claim of the appellants, that the gift under paragraph fifteenth is personal to the named trustee—the Little Sisters of the Poor,—and invalidated by refusal to accept the trust, is obviously fallacious.

There is no error.

In this opinion the other judges concurred.