GEORGE DUDLEY SEYMOUR ET ALS. *v.* ATTORNEY GENERAL OF THE STATE OF CONNECTICUT ET ALS.

MALTBIE, C. J., HINMAN, AVERY, BROWN and JENNINGS, JS.

492

Argued December 7th, 1937, and June 17th, 1938—
decided July 12th, 1938.

*George H. Day* and *Robert E. Beach,* for the appellants (plaintiffs).

*Lucius F. Robinson,* for the Hartford Public Library.

*Dennis P. O'Connor,* Deputy Attorney General, for the Attorney General, and *Harold Borden,* Assistant Corporation Counsel, for the City of Hartford, appeared but did not argue the cause.

MALTBIE, C. J. On December 26th, 1906, Ella Burr McManus died, leaving a will the residuary bequest in which was as follows: "I give such remainder and residue of my estate, in trust, to the Connecticut, State Capitol Commission of Sculpture, in Connecticut, for the following uses, trusts or purposes. Such Commission shall erect and construct (a memorial) in the City of Hartford, Conn., as the members of said Commission shall conclude will be most appropriate to my father's memory and to perpetuate his name. It must be artistic in design and humane in purpose, preferably a drinking fountain for both human beings and animals, where the city or state shall furnish the site thereof, without expense to the fund, to be furnished with a suitable tablet stating that such memorial is a gift to the City in memory of Alfred E. Burr from his daughter. Should any other form of memorial be considered more beautiful and beneficial to the City by such Commission I give my consent to abide by its decision, not knowing at this date the future conditions of Hartford. There are so many atrocities in the name of art, inflicted upon our American cities, I direct especially that the most competent and gifted

sculptor known to such Commission shall be employed to design said memorial. I wish it to be as artistically perfect as possible. Should the residue of my estate exceed in value its amount at this date, I direct and empower the said State Capitol Commission of Sculpture, to use all of the said residue, just the same, as it will conclude will be most advisable, beautiful and beneficial to the City of Hartford."

The complaint contains the following allegations: The plaintiff, the Commission of Sculpture of the State of Connecticut, authorized by the General Assembly to hold trust funds, took over the residuary estate on December 16th, 1923, and has since administered it. The securities constituting the fund then had a market value of about $120,000, but that value has increased until at the time the action was brought it amounted to more than $300,000. Various suggestions have been made as to the use of the fund but none of them have hitherto "met popular approval and support." Since the death of Mrs. McManus conditions in the city of Hartford have greatly changed. A horse on the streets of the city is now a rarity, and drinking fountains for horses have been for the most part removed or, if retained, have been placed out of the way of traffic. The Hartford Public Library, a specially chartered corporation, is the only public library in the city. It is at present inadequately housed. It has recently received a gift of property upon which it wishes to construct a new library, for which the site is proper and adequate. It is estimated that this will cost in the neighborhood of $750,000. On June 21st, 1937, the Commission of Sculpture passed a vote that it was of the opinion that the trust fund held by it under Mrs. McManus's will might be contributed to the building fund of the library upon conditions out-

lined in the vote, which is stated in the footnote.[1] Additional funds necessary for the new library building must be obtained by public subscription or an appropriation by the city, which it is authorized to make.

The plaintiffs brought this action seeking the advice of the court whether or not their authority permitted them to use the trust fund in the way proposed. The defendants, the Attorney General, the City and the Library, each filed an answer admitting the allegations of the complaint, the City and the Library adding that each was of the opinion that the plaintiffs had the authority to make the proposed contribution for the building of the library. The matter was first presented to the trial court for judgment upon the pleadings, but it was of the opinion that a hearing of facts should be had. That hearing developed little if anything relevant to the issues presented upon the pleadings and upon them without a finding the case comes before us.

---

[1] "The Commission is of the opinion that the fund in its hands under the will of Mrs. McManus may be properly used as a contribution to the building fund of the Hartford Public Library, subject to the following provisos:

"(a) That the Commission should be protected in making the contribution by a declaratory judgment of the Superior Court for Hartford County permitting the same, subject to the conditions hereinafter set forth.

"(b) That the Commission reserve the right to select an architect or architects and to approve or to disapprove his or their plans for the new building; that the building as designed shall contain a suitable memorial to the late Alfred E. Burr, father of Mrs. McManus, and its design, its sculptor, and architect if such be required, shall be appointed by the Commission and the location of said memorial and its workmanship to be in the exclusive charge of the Commission or its representative.

"(c) That the contribution be conditioned upon the raising by the public of Hartford within a limited time of sufficient additional funds to properly complete such library and its equipment, including architect's fees and moving expenses."

The will in question is very inartificially drawn and there is no profit in attempting to interpret the paragraph in question by a close scrutiny of its terms, for this would tend to cloud rather than clarify the testatrix's intent. Her dominant purpose was to have in Hartford a memorial to her father. Incidental to that main purpose were certain others and it is reasonably clear that they ranked in her mind in this order: Such a memorial should perpetuate the name of her father; it should be of the highest artistic value; it should serve some humane purpose; it should be a gift to the city; and it should be one which should make manifest that it was the gift of the testatrix. As she evidently visualized the memorial, it was to be a unit, not a part of some larger whole, and in it the work of the sculptor would be at least the dominating element. Her suggestion of the drinking fountain for both human beings and animals was a statement of a preference and no more, the adoption of which, or of some other type of structure, she was content to leave to the sound judgment of the trustees, provided the structure should serve the purposes she had in mind. The gift was conditioned upon the furnishing of a site by the city or State without expense to the fund.

The proposal outlined in the vote of the commission fails to carry out the intent of the testatrix in certain important respects. The money, instead of being used to create a single unit, would be mingled with other funds of substantially greater amount to construct a large building, the memorial in which to Mr. Burr would require a relatively small amount of the fund, else the very object of the contribution would be defeated. In the construction of that building the architect and not the sculptor would play the predominating part— and to the average person sculpture and architecture, although they must often join for the completion of

the perfect whole, still stand for distinct manifestations of artistic creation. Nor can the work of the library be classed as "humane" in the ordinary acceptance of that word, for it necessarily carries an implication of compassion for men or animals in their sentient needs and feelings. 30 C. J. 476; Oxford Dictionary. Broad as is the discretion given the commission to determine the particular type of the memorial to be constructed, it is not authorized to use the fund for an object which falls so far short of accomplishing the purposes of the testatrix as that proposed. The concluding sentence of the portion of the will we have quoted, it is true, directs and empowers the trustees, should the residue exceed in value the amount at the time the will was made, to use "all of the said residue, just the same, as it will conclude will be most advisable, beautiful and beneficial to the City of Hartford"; but we cannot interpret this sentence either as giving the trustees the right to go outside the purposes in the mind of the testatrix in making use of all the residue, if its value should exceed that which it had when the will was made, or as authorizing a use of the excess of value for a different purpose than she has specified.

In the situation in which the case stood before the trial court, it could not do otherwise than advise the trustees that they were not authorized by the will to contribute the fund toward a building for the library. In its memorandum of decision the trial court points out that there was before it no question of the application of the doctrine of approximation, under which the trustees might be authorized to use the fund in some other way than that specifically directed by the testatrix if by so doing they might carry out her dominant purpose. Counsel have argued the question of the application of that doctrine at length before

us, but the complaint falls far short of alleging any such impossibility or impracticability of carrying out the intent of the testatrix in the way she had in mind as would bring the case within it. The matter is, however, one of general public interest to the people of Hartford, and all parties before us are agreed that the proposed use of the fund is one which should be approved. We shall then to some extent pursue the inquiry as to the possible application of the doctrine as regards the fund, although the issues suggested can be determined only in another action.

We said in *Newton v. Healy, Attorney General,* 100 Conn. 5, 10, 122 Atl. 654: "It is now certain that the Superior Court, as a court of equity, possesses the power to carry out the general intent of the donor of a testamentary charitable trust, when clearly manifested, though the particular form or manner pointed out by the testator cannot, because of changed conditions, be followed." *Shannon v. Eno,* 120 Conn. 77, 87, 179 Atl. 497. Obviously a plan for a memorial complete in itself and involving the elements of the highest artistic value, in which sculpture should predominate, and a humane purpose be served, conditioned upon the furnishing of a site by the city or State without expense to the fund, is one which at best would be difficult of accomplishment. The testatrix certainly did not intend an indefinite postponement of the erection of the memorial and if in the fifteen years since it came into the hands of the commission no definite use of the fund within the scheme contemplated by her has been suggested, it might be found that the effectuating of her intent in the way she planned is unlikely of accomplishment in the reasonably immediate future; and it would seem not unlikely that upon proper pleadings and proof the trial court would conclude that this was so. The doctrine of

approximation does not require that the accomplishment of the intent of the testatrix in the way she planned shall be impossible but proof of the facts we have suggested might be held to constitute an impracticability within the doctrine. *Citizens & Manufacturers National Bank* v. *Guilbert,* 121 Conn. 520, 527, 186 Atl. 564. That the fund should be used by itself for the erection of a separate memorial rather than be joined with other funds for the erection of a library building might be found not to be so of the "substance of the gift" that, if this cannot be done, the fund must be held indefinitely without use or distributed as intestate property. *Citizens & Manufacturers National Bank* v. *Guilbert,* supra. The trustees might prove themselves entitled to a decree under the doctrine of approximation authorizing them to use the fund in connection with the building of the proposed library.

It should, however, be borne in mind that "in exercising its power under the doctrine of approximation, a court seeks just as nearly as may be to effectuate the intent of the testatrix." *Shannon* v. *Eno,* supra, 89. In the argument before us the trustees have presented a more concrete plan than that embodied in the vote which was before the trial court. They now suggest that the purpose of the testatrix to perpetuate the name of her father may be accomplished by an inscription over the main doorway of the building, "The Hartford Public Library and Alfred E. Burr Memorial," and that within the building there might be a memorial to Mr. Burr of the finest type of sculptural creation, with an appropriate inscription, in memory of Mr. Burr, and stating the fact that the gift was made by the testatrix. If the trial court should find that it was impracticable to carry out the intent of the testatrix in the way she specified and that a definite

plan along the lines of that suggested would accomplish as nearly as may be her dominant purpose, the plaintiffs would be in a position to ask the court to apply the doctrine of approximation; and the trial court might enter a judgment authorizing the use of the fund in some way which it therein carefully defined and limited. That situation is not, however, before us on this appeal, and this case cannot be remanded to the trial court for further action.

Reference has been made to the fact that all the defendants in this action agree in approving the proposed use of the fund. Because of this situation and of the possibility that the impracticability or impossibility of carrying out the purpose of the testatrix might be held to make the fund intestate estate of the testatrix, a representative of her estate should be made a party in any further action which may be brought.

There is no error.

In this opinion the other judges concurred.