## THE GUILFORD INSTITUTE
*vs.*
## FRANCIS A. PALLOTTI, ATTORNEY GENERAL

Superior Court    New Haven County    File No. 58645

*See, also, Guilford Institute vs. Pallotti, 9 Conn. Sup. 145.*

### MEMORANDUM FILED JUNE 5, 1940.

*George C. Conway,* and *Beers & Beers,* of New Haven, for the Plaintiff.

CORNELL, J. The evidence makes it fully apparent that it has become impracticable to longer carry out the dominant intent of the settlors of the trust by the particular method which is prescribed. This affords occasion for the approximation of the real purpose. *Seymour vs. Attorney General,* 124 Conn. 490, 499; *Citizens & Manufacturers Nat. Bank vs. Guilbert,* 121 id. 520; *Shannon vs. Eno,* 120 id. 77.

It appears here, however, as it did in *Seymour vs. Attorney General, supra,* that all parties to the cause are in agreement (p. 500). There is thus no one to represent the heirs of the settlors who, if there are any, might wish to be heard to claim that none of the alternatives suggested or any of which the court might think would make possible or practicable the continued effectuation of the settlors' dominant purpose. Following the suggestion made on page 500 of *Seymour vs. Attorney General, supra,* the heirs and representatives of the settlors' estate should be made parties to this action. As they have not been, no decision can be rendered at this time, nor until they are brought in.

Incidentally, it is noted that the original settlor apparently considered it of some importance that the directors or trustees should be of the Congregational denomination and preferably of the Trinitarian class. In event that it should be found that her dominant purpose would more nearly be approximated by paying for one or more scholarships annually in some institution of higher learning, a closer adherence to such settlor's wishes would be accomplished if the institution in which such scholarship or scholarships were to be afforded were one or more where the governing body embraces the particular faith mentioned by the testatrix and where the Bible "should always be used. . . . as the foundation of all education for usefulness or happiness." There is no evidence bearing on this phase of the matter, but the court should be informed in these respects.