HENRY F. LUDORF ET AL. v. WILLIAM L. HADDEN, ATTORNEY GENERAL ET AL.

SUPERIOR COURT      HARTFORD COUNTY      FILE NO. 79163

Memorandum filed July 25, 1949

*Buckley, Creedon* and *Danaher,* of Hartford, for the Plaintiffs.

*William L. Hadden,* Attorney General, and *Samuel H. Aron, Thomas J. Hagarty, Cyril Coleman, Thomas J. Conroy,* Assistant Attorneys General, *Davis, Lee, Howard & Wright* and *Hewes & Awalt,* all of Hartford, for the Defendants.

DALY, J.   Ella Burr McManus died on December 2, 1906, leaving a will which was admitted to probate on December 31, 1906.   Her husband, Dr. James McManus, life tenant, died on February 9, 1920.   The property of which he had the life use is the corpus of a trust established under the following clause of the will of Mrs. McManus:

"I give such remainder and residue of my estate, in trust, to the Connecticut State Capitol Commission of Sculpture, in Connecticut, for the following uses, trusts or purposes.   Such Commission shall erect and construct (a memorial) in the City of Hartford, Conn., as the members of said Commission shall conclude will be most appropriate to my father's memory and to perpetuate his name.   It must be artistic in design and humane in purpose, preferably a drinking fountain for both human beings and animals, where the city or state shall furnish the site thereof, without expense to the fund, to be furnished with a suitable tablet stating that such memorial is a gift to the City in memory of Alfred E. Burr from his daughter.   Should any other form of memorial be considered more beautiful and beneficial to the City by such Commission, I give my consent to abide by its decision, not knowing at this date the future conditions of Hartford.   There are so many atrocities in the name of art, in-

flicted upon our American cities, I direct especially that the most competent and gifted sculptor known to such Commission shall be employed to design said memorial. I wish it to be as artistically perfect as possible. Should the residue of my estate exceed in value its amount at this date, I direct and empower the said Capitol Commission of Sculpture, to use all of the said residue, just the same, as it will conclude will be most advisable, beautiful and beneficial to the City of Hartford."

On December 16, 1923, the members of the Commission of Sculpture qualified as trustees and assumed the administration of the trust, the value of the corpus of which at that time was $120,000. On January 31, 1949 its value was $454,319.10. The plaintiffs are now the members of the commission, the name of which has been changed to the "Commission on Fine Arts."

In paragraph 7 of their complaint the plaintiffs allege that for the period of years they and their predecessors have been acting as trustees "they have endeavored to carry out the express wishes of the testatrix by endeavoring to formulate a plan for a suitable memorial, dedicated to her father's memory, which would be complete in itself and involving the elements of the highest artistic value, in which the work of sculpture would predominate and a humane purpose served, conditioned upon the furnishing of a site by the City of Hartford or the State of Connecticut without expense to the fund."

Paragraph 8 of the complaint is as follows: "Many and varied types of plans and proposals have been considered by the plaintiffs, all with the view of carrying out the express wishes of the testatrix as indicated in the residuary clause of her will and as summarized in the preceding paragraph of this complaint."

Paragraph 9 of the complaint alleges that "Due to the inherent difficulty involved and the accelerated change in civilization in general, and in the habits, customs and mode of living in particular, which have taken place since the death of the testatrix, the formulating of a plan which would embody the particular type of memorial which the testatrix envisioned and which would at the same time be most appropriate to her father's memory and perpetuate his name among the citizens of Hartford has proven to be most impracticable if not impossible."

They allege in paragraph 10 that due to the inability of the plaintiffs over a period of years "to arrive at a suitable plan for a definite use of this fund within the scheme contemplated by

the testatrix, they are of the opinion that the effectuating of her intent in the way she planned is unlikely of accomplishment in the reasonably immediate future. They believe some other use of the fund other than that specifically directed by the testatrix is necessary in order to carry out her dominant purpose."

Paragraph 11 of the complaint is as follows: "11. To preserve and effectuate the general charitable and dominant purpose of the testatrix by a method as nearly approximate to that specified by the testatrix as existing conditions will permit, the plaintiffs have adopted the following plan, subject to the approval of this court:—

"(a) The funds be used to erect a memorial to the testatrix's father, Alfred E. Burr, which memorial while a part of a new Hartford Public Library building will, nevertheless, be a separate and distinct entity and will be known as the Alfred E. Burr Memorial.

"(b) The proposed library building and memorial will be erected on property owned by the Hartford Public Library which is located at the corner of Prospect Street and Atheneum Square North in the City of Hartford.

"(c) The memorial would be a semi-circular court which would form the entrance to the library building and would be erected at the corner of the two streets. It would be of the highest artistic value. The entrance way would be suitably landscaped and would contain a fountain and appropriate statuary at the most advantageous points. The front of the building facing the court would contain the most suitable and finest sculpture. A proper and fitting inscription would be installed stating that said court is a 'Memorial to Alfred E. Burr Donated to the City of Hartford by his Daughter, Ella Burr McManus.'

"(d) The library building itself would be of a modern design intended to harmonize with the surrounding buildings.

"(e) The use of the funds in this manner is to be conditioned upon the raising by the City of Hartford or its inhabitants within a reasonable time of the necessary funds to properly complete the library building, its equipment and furnishings."

The plaintiffs claim an adjudication and decree:

"1. Whether or not the doctrine of approximation can be applied to the trust created by the residuary clause of the will;

"2. If the doctrine applies whether they may use the trust fund in the manner outlined in this complaint.

"3. That a reasonable allowance be made out of the trust estate for plaintiffs' expenses and counsel fees;

"4. Such other and further relief as equity may appertain."

In the amended answer of the defendant National Sculpture Society, the allegations of paragraphs 7, 8 and 9 of the complaint are denied and it is alleged that it has no knowledge or information as to the truth of the allegations contained in paragraphs 10 and 11 of the complaint and leaves the plaintiffs to their proof. In its cross complaint it claims an adjudication and decree ordering "the plaintiff trustees promptly to administer said trust as directed by the testatrix, and granting a reasonable allowance out of the trust estate for this plaintiff's counsel fees and expenses."

In the answer of the defendant, Douglas B. Wright, Administrator d. b. n. c. t. a. the allegations contained in paragraphs 7, 8 and 9 of the complaint are denied and he alleges that as to paragraphs 10 and 11 of the complaint he has no knowledge or information sufficient to form a belief as to the truth thereof and leaves the plaintiffs to their proof. In his cross complaint he claims "an adjudication and decree ordering the plaintiff trustees promptly to administer said trust as directed by the Testatrix, or an adjudication and decree that the trust fund is intestate estate in the event that the Court should find it impossible or impracticable to carry out or approximate the wishes of the Testatrix; and this defendant further claims an order granting a reasonable allowance out of the trust estate for this defendant's counsel fees and expenses."

The defendant William L. Hadden, Attorney General, in his answer alleges that he has no knowledge or information sufficient to form a belief as to the allegations contained in paragraphs 5, 6, 7, 8, 9, 10, 11, 12 and 13 of the complaint and leaves the plaintiffs to their proof thereof.

The defendant, City of Hartford, admits all of the allegations of the complaint as amended.

Some years ago, the then members of the Commission of Sculpture of the State of Connecticut as plaintiffs brought an action, *Seymour* v. *Attorney General,* in which they asked for a decree advising them whether or not, they as trustees under the will of Ella Burr McManus, "may contribute the funds in their

hands to the building fund of the Hartford Public Library." The Court held that the plaintiffs were without authority under the terms of the will to so contribute the funds. The plaintiffs appealed to the Supreme Court of Errors. No error was found. The opinion appears in 124 Conn. 490.

In *Seymour* v. *Attorney General*, at pages 499 and 500, the Court said: "If the trial court should find that it was impracticable to carry out the intent of the testatrix in the way she specified and that a definite plan along the lines of that suggested would accomplish as nearly as may be her dominant purpose, the plaintiffs would be in a position to ask the court to apply the doctrine of approximation; and the trial court might enter a judgment authorizing the use of the fund in some way which it therein carefully defined and limited."

The question is, have the plaintiffs sustained the burden of proving that it is impracticable to carry out the intent of the testatrix in the way she specified?" Have they sustained the burden of proving their allegation that "the formulating of a plan which would embody the particular type of memorial which the testatrix envisioned and which would at the same time be most appropriate to her father's memory and perpetuate his name among the citizens of Hartford has proven to be most impracticable if not impossible," as alleged in paragraph 9 of the complaint?

*In Seymour* v. *Attorney General*, at page 496, the Court said: "As she evidently visualized the memorial, it was to be a unit, not a part of some larger whole, and in it the work of the sculptor would be at least the dominating element." The plaintiffs and their predecessors have not engaged the services of a sculptor in the period of more than twenty-five years during which they have administered the fund. They have considered various sites and plans and have requested the Board of Park Commissioners of the City of Hartford to assign a site for the memorial. They were advised in March, 1945, that a site north of the Capitol could be had. They can and could have selected a sculptor to make detailed drawings or to make a model of the memorial for a particular site. The members of the Park Board were justified in requiring that the plaintiffs give them definite plans of the proposed memorial. This the plaintiffs have never done. The suggested idea at the site of the lagoon in Bushnell Park was not sufficient in detail for the members of the Park Board to act upon.

The plaintiffs claim, in substance, that it is impracticable to carry out the intent of the testatrix in the way she specified because the Board of Park Commissioners have not without reservation assigned a site. . . The testatrix did provide that "Such Commission shall erect and construct (a memorial) in the City of Hartford, Conn., . . . where the city or state shall furnish the site thereof, without expense to the fund . . ." This did not place upon the Board of Park Commissioners the duty of constructing and erecting the memorial.

In *Seymour* v. *Attorney General*, at page 500, the Court said: "Because of this situation and of the possibility that the impracticability or impossibility of carrying out the purpose of the testatrix might be held to make the fund intestate estate of the testatrix, a representative of her estate should be made a party in any further action which may be brought." The defendant, Douglas B. Wright, Administrator d. b. n. c. t. a. asks for "an adjudication and decree that the trust fund is intestate estate in the event that the Court should find it impossible or impracticable to carry out or approximate the wishes of the Testatrix;". This cannot be done as the plaintiffs have failed to sustain the burden of proving that it is impracticable to carry out the intent of the testatrix.

The idea of building the proposed library building in Hartford is most commendable. However, I cannot make the will of the testatrix and I cannot change any of its terms for the purpose of making possible the construction of the library, the erection of which would undoubtedly meet with public approval.

Upon the evidence I must find and do find that the plaintiffs have failed to sustain the burden of proving that it is impracticable to carry out the intent of the testatrix in the way she specified and that, consequently, the doctrine of approximation cannot be applied to the trust created by the residuary clause of the will. Because of this the plaintiffs may not use the trust fund in the manner outlined in the complaint.

In the plaintiffs' complaint it is asked that a reasonable allowance be made out of the trust estate for the plaintiffs' expenses and counsel fees. In the cross complaint of the defendant, Douglass B. Wright, Administrator d. b. n. c. t. a. there is a claim for "an order granting a reasonable allowance out of the trust estate for this defendant's counsel fees and expenses," and in the cross complaint of National Sculpture Society the same claim is made although the words "for this plaintiff's counsel fees and

expenses" appear, obviously through error, rather than the words "for this defendant's counsel fees and expenses." These claims should be granted. Counsel for the three parties in question have spent a great deal of time and effort in the preparation and trial of this case. They all filed illuminating briefs indicating that they had performed a great deal of work after the trial had been completed. I find it most difficult at this time to set the fees as I do not know the exact amount of time spent. Neither do I know the expenses had. I will confer with counsel and may thereafter file a supplemental memorandum of decision dealing with these particular questions.

In the cross complaints of the defendants, National Sculpture Society and Douglas B. Wright, Administrator d. b. n. c. t. a. an adjudication and decree ordering the plaintiff trustees promptly to administer the trust as directed by the testatrix is claimed. The issues are found for these defendants upon the complaint and upon their cross complaints and the plaintiffs are ordered to promptly administer the trust as directed by the testatrix.

Judgment is rendered accordingly.