JAMES HUGHES, EXECUTOR, *vs.* MICHAEL DALY AND OTHERS.

A bequest for the building of a "boys' reformatory," held to be void for uncertainty, the term not sufficiently indicating the precise character of the institution intended, and no facts being found that lessened the uncertainty.

A bequest to "the most deserving poor of the city of *N.*"—held to be void for uncertainty.

A bequest "for the building of a Catholic convent in *N.*"—held to be good as a bequest for that purpose to the persons vested with power by the laws of the Roman Catholic Church to direct as to the erection of such buildings.

PETITION by an executor for advice as to the construction and validity of certain bequests in the will of Luke Daly, deceased; brought to the Superior Court in Hartford County, and reserved for the advice of this court. The case is sufficiently stated in the opinion.

*C. E. Gross*, for the petitioner.

*T. McManus*, for the respondent.

PARDEE, J. The petitioner having been named as executor in the will of Luke Daly, deceased, asked the Superior Court to construe certain clauses therein, and the questions arising are reserved for answer by this court.

The third clause is as follows: "I give and bequeath

Hughes v. Daly.

one thousand dollars towards the building of a boys' reformatory, if such an institution should be established, for the Catholic boys of this state, under the direction of Bishop Galberry, or his successor." And the seventeenth clause is as follows: "I give and bequeath the residue of my estate, whether real or personal, to Rt. Rev. Bishop Galberry, or his successor, for a Catholic reformatory for boys in this state of Connecticut."

The word "reformatory," used as a noun, is of too wide and uncertain signification to support the bequest. It includes all institutions and places in which efforts are made either to cultivate the intellect, instruct the conscience or improve the conduct; places in which persons voluntarily assemble, receive instruction and submit to discipline, or are detained therein for either of these purposes by force; and no fact is found which in any degree lessens this uncertainty in expression.

Moreover, the testator has failed to confer upon any one power either to declare what shall be the precise purpose, organization, or plan of management of an institution which shall entitle it to the bequest, or to select the boys who are to become its inmates; omissions which it is not within the province of the court to supply.

The fourth clause in the will is as follows: "I give and bequeath one thousand dollars for the building of a Catholic convent in New Britain, Connecticut."

This is a bequest to the person or persons or corporation vested with power by the laws of the Roman Catholic Church to determine when and where buildings shall be erected, and to erect the same for convent uses under the government of that church in the diocese of Hartford, to be expended within the town of New Britain, towards the completion of a convent building commenced before and unfinished at the testator's death, or towards the building of one to be thereafter commenced.

The fourteenth clause in the will is as follows: "I give and bequeath one thousand dollars to the most deserving poor of the city and town of New Britain."

The testator having failed to clothe any person with power to designate the beneficiaries, and having furnished no standard by which to measure the merits of claimants, the bequest is void for uncertainty.

The Superior Court is advised to declare the third, fourteenth and seventeenth clauses of the will of Luke Daly to be void, and the fourth clause therein to be valid; these being the only clauses concerning which the advice of this court is asked.

In this opinion the other judges concurred.