THE CHESHIRE BANK AND TRUST COMPANY, ADMINISTRATOR, (ESTATE OF MARY L. DOOLITTLE) *vs.* MARGARET DOOLITTLE ET AL.

Third Judicial District, Bridgeport, April Term, 1931.
MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

Argued April 15th—decided June 1st, 1931.

*Carl F. Bollman,* for the plaintiff.

*Harrison Hewitt* and *Mary E. Manchester,* for the defendant Margaret Doolittle, individually and as trustee.

*Louis B. Zacher,* for the defendant Graham A. Hitchcock, Executor.

BANKS, J. The only question presented upon this reservation is whether a valid and enforceable trust for charitable purposes was created by the eleventh article of the will of Mary L. Doolittle which reads as follows: "All the rest, residue and remainder of my estate, both real and personal, I give to Margaret Doolittle to be used by her for either Home or Foreign Missions, trusting she will see that it goes where the need is greatest."

The testatrix died a resident of Cheshire, was a member and attendant of the Congregational Church in that town, and had contributed to the Missionary Societies of the Congregational Church for many years. Margaret Doolittle is a daughter of a first cousin of the testatrix and has spent one and one half years doing Home Missionary work in this country and over ten years doing Foreign Missionary work in Syria, both under organized boards of the Presbyterian Church, the work being similar to that done by the corresponding societies of the Congregational Church, and the testatrix knew of these activities of Margaret Doolittle.

There can be no question as to the intention of the testatrix to create a trust as to the entire residue of her estate, nor that the trust is one for charitable purposes. Our statute of charitable uses, General Statutes, § 5000, makes it clear that in this State there is no distinction in legal effect between a charitable and a religious use, and in this gift of her residuary estate to be used "for either Home or Foreign Missions" the testatrix clearly indicated her intention to devote the bulk of her estate to the propagation of the Christian religion. Trusts for the support of religion are charitable trusts, and our law "favors them, and construes them with the utmost liberality." *First Congregational Society* v. *Bridgeport,* 99 Conn. 22,

30, 121 Atl. 77. In *Brinsmade* v. *Beach,* 98 Conn. 322, 119 Atl. 233, we held that a bequest of a sum of money the interest upon which was to be used yearly "to fit missionary boxes" designated a charitable purpose, and that, it being found that this was the usual mode of assisting missionaries and missionary societies, the bequest expressed a charitable purpose with sufficient definiteness to be carried out.

It is the contention of the representative of the heir at law that the trust here established is not valid on the grounds that it is uncertain as to beneficiaries and as to purpose, and may conceivably be for private as well as public purposes. As to the latter claim no attempt has been made to point out how the trust fund could be devoted to any private purpose, as in the New York case, *Matter of Shattuck,* 193 N. Y. 446, 86 N. E. 445, cited in the brief and referred to later, nor are we able to conceive how such could possibly be the case. As to the contention that the bequest is uncertain as to beneficiaries it is sufficient to say that one of the principal characteristics of a charitable trust is uncertainty as to the ultimate beneficiaries of the trust. While the law generally requires that the general object and purpose of the testator's bounty must be sufficiently indicated to bind the conscience of the trustees, the particular beneficiaries of the trust are in the very nature of the case indefinite and uncertain. *Coit* v. *Comstock,* 51 Conn. 352, 377; *Going* v. *Emery,* 33 Mass. (16 Pick.) 107; *Simpson* v. *Welcome,* 72 Me. 496; Zollmann, American Law of Charities, § 354.

The remaining claim of the heir at law is that the will does not designate with sufficient certainty the particular charitable purpose for which the fund is to be used. It has been held that a trust may be so indefinite and uncertain in its purposes, as distin-

guished from its beneficiaries, as not to admit of judicial administration, and therefore invalid. In *Bristol* v. *Bristol*, 53 Conn. 242, 5 Atl. 687, it was said (p. 256) that the gift must be "to some particular object or purpose that the law recognizes as charitable. It is enough if the object be mentioned, and the law can see that it be a charitable one; but it is not enough that the gift be merely 'to charitable uses' or 'to be used in charity,' so long as no selection is made from the long list of recognized charitable objects." In that case the will authorized the widow of the testator to dispose of a certain portion of his estate "for such charitable purposes as she may deem proper." The bequest was held invalid since the power given the widow was, not to select the particular beneficiaries of a class named, but to select the charity itself. Here the testatrix has herself selected the charity which she has made the object of her bounty. It covers, to be sure, a wide field, but she has selected from the long list of recognized charitable objects the field of Home and Foreign Missions as the particular object of her bounty, and it is an object that the law recognizes as charitable. She has also left to the trustee the selection of the particular beneficiaries of the class named in the provision that "she will see that it goes where the need is greatest." Furthermore, in the more recent case of *Brinsmade* v. *Beach, supra,* we have held, as already noted, that a bequest of a sum the interest upon which was to be used "to fit missionary boxes" expressed a charitable purpose with sufficient definiteness to be carried out. Here the object of the testatrix's bounty is similar to that in the *Brinsmade* case, and the particular charitable purpose is designated with at least as much certainty as was done in that case. Since that decision the settled policy of the State to favor gifts for charitable purposes has found ex-

pression in the statute enacted in 1925, now § 4825, Rev. 1930, set forth in the footnote.

Under the provisions of this statute a testator is not required to designate the particular charitable purpose for which the property is to be used. The gift is valid if the testator gives the trustee power to select such purpose, and no gift accompanied by such power of selection is void for uncertainty.

The will gives Miss Doolittle the power to select the particular mission for which the property is to be used so that it will go where the need is greatest, and therefore complies with the requirements of the statute.

The heir at law relies upon *Matter of Shattuck*, 193 N. Y. 446, 86 N. E. 455, decided under the New York statute which provides that no gift to religious, educational or charitable uses shall be deemed invalid by reason of the indefiniteness or uncertainty of the persons named as beneficiaries. In that case there was a bequest of property the income of which was to be paid over to "religious, educational or eleemosynary institutions." It was held that the word "educational,"

---

Sec. 4825. CHARITABLE USES TO BE DETERMINED BY THE TRUSTEE. Any person may, by will, deed or other instrument, give, devise or bequeath property, real or personal or both, to any trustee or trustees, and may provide in such instrument that such property so given, devised or bequeathed shall be held in trust and the income or principal applied in whole or in part for any charitable purpose. No donor or testator shall be required to designate in such will, deed or other instrument the particular charitable purpose or class of purposes for which such property shall be used or such income applied. Any such gift, devise or bequest shall be valid and operative, provided the donor or testator shall give to the trustee or trustees thereof or to any other person or persons, the power to select, from time to time and in such manner as such donor or testator may direct, the charitable purpose or purposes to which such property or the income thereof shall be applied; and no such gift, devise or bequest, accompanied by such power of selection, shall be void by reason of uncertainty.

as used in the will, did not necessarily describe a public or charitable institution, and that the possible use of the income for private purposes rendered the entire gift invalid. This case has been criticized and distinguished in later opinions of the New York Court of Appeals which have pointed out the narrow scope of the opinion and held that it must be limited to its own facts. *Matter of Robinson,* 203 N. Y. 380, 96 N. E. 925; *Matter of Cunningham,* 206 N. Y. 601, 100 N. E. 437; *Butterworth* v. *Keeler,* 219 N. Y. 446, 114 N. E. 803; *Matter of Frasch,* 245 N. Y. 174, 156 N. E. 656; *Matter of Durbrow,* 245 N. Y. 469, 157 N. E. 747. In the last-named case the court said that the *Shattuck* case "has been strictly confined to its own facts by later and better considered cases," and upheld a bequest in which the executor was directed to distribute the residue of the estate where he "shall consider it will be most effective in the advancement of Christ's Kingdom on earth."

In answer to the second question we advise that the provisions of the eleventh paragraph of the will of Mary L. Doolittle created and established a valid trust.

The other questions in the reservation were not argued, and it is our understanding that no answers to them were desired.

No costs will be taxed in this court to either party.

In this opinion the other judges concurred.