JAMES S. McCARTHY, TRUSTEE, *vs.* WILLIAM L. TIERNEY, TRUSTEE.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, JS.

Argued March 8th—decided April 25th, 1933.

*Edward K. Nicholson*, for the appellant (plaintiff).

*Lorin W. Willis*, for the appellee (defendant).

HINMAN, J. The complaint alleges that the plaintiff and the defendant are co-trustees of a trust fund of $2,000,000, appointed under the will of Margaret H. McCarthy, late of Greenwich. The will gave the trustees "full power and authority to invest and reinvest said sum upon such terms and conditions as said trustees in their judgment may see fit as fully as an absolute owner, all statutory limits now in force or hereafter enacted as to the investment of trust funds being hereby expressly waived." Over $600,000 of the fund is on deposit in savings departments of trust companies in this State. Question has been raised as to the legality of such deposit of trust funds. "For that and for other reasons the trustees desire to change such investments to other investments but a dispute has arisen between them as to the proper investment of said trust funds." The defendant insists that they or the greater portion of them shall be invested in mortgages upon real estate; the plaintiff desires that they be invested in United States government bonds. The defendant is unwilling to agree with plaintiff as to this and the plaintiff is unwilling to agree with the defendant as to the investment in mortgages on real estate. "The plaintiff therefore requests the advice of the court as to what investments shall be made in order to conserve the interests of the trust fund and of the beneficiaries."

The defendant demurred on the grounds that the complaint states no cause of action within the jurisdiction of the Superior Court; seeks only to substitute for the discretion vested in the trustees that of the court; makes no allegations of bad faith or abuse of power on the part of the defendant trustee, nor does it seek any construction of the provisions of the trust; and, under the provision of the will the legality of deposits or investments is immaterial, unless bad faith

on the part of the trustee is alleged. The appeal is from the ruling sustaining the demurrer.

The complaint does not seek a construction of any of the provisions of the will creating the trust or an adjudication of the legality of the present investment of the fund, but the substance of the case sought to be presented is that, for the reason that the trustees are unable to agree as to the investments into which the deposits should be transferred and converted, the court shall designate as to how the money shall be invested. The objection interposed by the demurrer is, in effect, that as no bad faith or abuse of discretion by the trustees is alleged, the court has not the power to assume direction as to a matter intrusted to their judgment and management and thereby substitute its discretion for that vested in them.

Courts of equity possess broad general powers to respond to requests by fiduciaries for advice for their protection and guidance as to doubtful questions touching their powers and duties under the law and the instrument creating the trust, including construction of the trust instrument. *Russell* v. *Russell,* 109 Conn. 187, 145 Atl. 648; *Security Co.* v. *Pratt,* 65 Conn. 161, 32 Atl. 396; *Belfield* v. *Booth,* 63 Conn. 299, 27 Atl. 585; *Rockwell* v. *Dow* (N. H.) 154 Atl. 229; 26 R. C. L. p. 1372. They will not, however, interfere with the exercise of the discretionary powers of trustees in the absence of a showing of fraud, bad faith, or abuse of discretion. So long as the discretion is fairly and honestly exercised, the court will not deprive a trustee of the power which he possesses or assume the exercise of it. *Brackett* v. *Middlesex Banking Co.,* 89 Conn. 645, 658, 95 Atl. 12; *Smith* v. *Wildman,* 37 Conn. 384, 386; *Colton* v. *Colton,* 127 U. S. 300, 8 Sup. Ct. 1164; *Eaton* v. *Eaton,* 80 N. H. 34, 112

Atl. 383; *Browning* v. *Stiles* (N. J. Eq.), 65 Atl. 457; 26 R. C. L., p. 1374; note, 8 L. R. A. (N. S.) 398.

Especially in respect to matters which the testator has expressly confided to the discretion of trustees selected by himself, the judgment of the court will not be substituted therefor except in case of abuse of the trust by an arbitrary or capricious exercise of authority. *Proctor* v. *Heyer*, 122 Mass. 525, 529; *Viall* v. *Rhode Island Hospital Trust Co.*, 45 R. I. 432, 123 Atl. 570; 32 A. L. R. 437. When large discretion is conferred upon a trustee in determining the details of the management of the trust estate "very much must necessarily be left to his sound judgment and wise discretion, to be applied as various conditions and contingencies may arise. It is not within the province of the court to direct a trustee how to exercise a discretionary power committed to him. He must use his own discretion. And when he does so, keeping within legal limitations, he is protected." *Bartlett* v. *Pickering*, 113 Me. 96, 99, 92 Atl. 1008, 1010. The court may, however, review the exercise of judgment and determine whether the trustee has exceeded the liberty given him. *Russell* v. *Hartley*, 83 Conn. 655, 78 Atl. 320; *Peckham* v. *Lego*, 57 Conn. 553, 556, 19 Atl. 392.

Courts have no occasion for interference with investments made by trustees within the discretionary powers vested in them by the trust instrument unless it appears that they have not acted in good faith or that they have abused the discretion vested in them. *Fox* v. *Harris*, 141 Md. 495, 119 Atl. 256, 26 A. L. R. 806. Even in a case calling for interference because of want of capacity or fidelity or other fault in the matter of investments, or refusal to invest trust funds, jeopardizing the trust or otherwise injuring the beneficiaries, the appropriate action is one for removal of the trustee and substitution of another who can and

will properly exercise the judgment as to such investments contemplated by the creator of the trust. *Murdoch* v. *Elliot,* 77 Conn. 247, 257, 58 Atl. 718; *Cavender* v. *Cavender,* 114 U. S. 464, 5 Sup. Ct. 955; *Greenland* v. *Waddell,* 116 N. Y. 234, 22 N. E. 367. The application of one co-fiduciary to compel a delinquent trustee, who has possession of part of the estate, to pay it out as he should or to account for it may be entertained by a court of equity. *Rockwell* v. *Dow, supra; Crane* v. *Hearn,* 26 N. J. Eq. 378. But to determine the choice between opposing opinions of co-trustees as to questions pertaining merely to the comparative advantages of different investments which are within their discretion would be manifestly impracticable as well as outside the bounds of judicial functions. Dictation of such a choice appears to be the actual purpose of the present action. If the complaint could be construed as alleging refusal or failure by the trustees to exercise their discretion or the situation alleged as amounting to such refusal, it might afford ground for removal but would not enable the court to supplant the present trustees in the performance of their functions to the extent, only, of directing in what securities they shall invest. The demurrer was properly sustained.

There is no error.

In this opinion the other judges concurred.