THE WESTPORT BANK & TRUST COMPANY, EXECUTOR
AND TRUSTEE (WILL OF CHARLES FABLE) *v.*
FREDERICK FABLE ET ALS.

MALTBIE, C. J., AVERY, BROWN, JENNINGS and ELLS, Js.

Argued April 4—decided June 13, 1940.

*Warren F. Cressy,* with whom was *Harry R. Sherwood,* for the plaintiff.

*Frank J. DiSesa,* assistant attorney general, with whom, on the brief, was *Francis A. Pallotti,* attorney general, for the defendant, the attorney general.

*Charles R. Covert,* with whom was *Edward J. Quinlan, Jr.,* for the defendants Frederick Fable et als.

*Leo Nevas,* with whom, on the brief, was *Bernard A. Nevas,* for the defendant Oscar Peterson, executor.

MALTBIE, C. J.   Charles Fable died in 1934, leaving a will in which, after giving certain legacies, he gave, devised and bequeathed the residue of his property to the plaintiff bank to be held in trust for his wife and a nephew and he directed that at their death the balance remaining in the fund "be distributed by said trustee to such charitable and educational purposes as it may deem wise and prudent."   The principal question presented upon this reservation is whether this gift constituted a valid charitable trust.

In *Shannon* v. *Eno,* 120 Conn. 77, 179 Atl. 479, we had before us a devise of real estate "to be used as and for an Old Ladies Home for worthy protestant women over sixty years of age" residing in three towns named; the claim was made that the gift was void for uncertainty in that no power of selecting the particular beneficiaries of the charity was provided.   We sustained the trust and, reviewing our previous decisions, said (p. 84): "Our law now may be summed up to this effect: If property is given for a charitable use in trust for the benefit of a certain class of persons defined with reasonable certainty, and in order to execute that trust a power of selection in the trustee or someone else is necessary, that power will be implied." In that case no appeal was made to § 4825 of the General Statutes, quoted in the footnote; [1] nor was it

---

[1] Any person may, by will, deed or other instrument, give, devise or bequeath property, real or personal or both, to any trustee or trustees, and may provide in such instrument that such property so given, devised or bequeathed shall be held in trust and the income or principal applied in whole or in part for any charitable purpose.   No donor or testator shall be required to designate in such will, deed or other instrument the particular charitable purpose or class of purposes for which such property shall be used or

necessary to the decision to consider its meaning and effect.

This statute was enacted in 1925. Public Acts, 1925, Chap. 160. In determining the legislative intent expressed in it, we must have recourse to our previous decisions in order to ascertain what change, if any, it was intended to make in our law. In *White* v. *Fisk*, 22 Conn. 31, 50, we held invalid a gift to trustees to be expended "for the support of indigent pious young men, preparing for the ministry in New Haven, Connecticut"; but in *Shannon* v. *Eno*, supra (p. 83), we said of that case that we have followed it in so far as it held that a gift, though in the nature of a charity, made directly to a class of beneficiaries generally defined is too uncertain for enforcement and that it is necessary either that the will establish a mode of selecting the individual persons to be benefited or that a power to make such selection be conferred upon the trustee or someone else, but that beyond this general principle it has ceased to be authoritative. In *Adye* v. *Smith*, 44 Conn. 60, we held void a gift to a trustee to dispose of the residue of the estate "for any and all benevolent purposes that he may see fit," and we said (p. 70): "Our law is more strict than the English law in this, that it requires certainty in the persons to be benefited, or at least a certain and definite class of persons with an ascertained mode of selecting them. . . . In the case under consideration the words used to express the trust lack every element

such income applied. Any such gift, devise or bequest shall be valid and operative, provided the donor or testator shall give to the trustee or trustees thereof or to any other person or persons, the power to select, from time to time and in such manner as such donor or testator may direct, the charitable purpose or purposes to which such property or the income thereof shall be applied; and no such gift, devise or bequest, accompanied by such power of selection, shall be void by reason of uncertainty.

of certainty heretofore required in this state. There is no certain beneficiary, no definite class, no ascertained mode of selection, and no certainty and no limitation in the purpose of the trust except as found in the world-wide field of benevolence; . . ." In *Hughes* v. *Daly*, 49 Conn. 34, we held invalid a gift to a Catholic bishop "for a Catholic reformatory for boys in this state," largely because the word "reformatory" was of too wide and uncertain significance, but we added (p. 35): "Moreover, the testator has failed to confer upon anyone power either to declare what shall be the precise purpose, organization, or plan of management of an institution which shall entitle it to the bequest, or to select the boys who are to become its inmates; omissions which it is not within the province of the court to supply." In *Bristol* v. *Bristol*, 53 Conn. 242, 5 Atl. 687, we held void a provision in a will authorizing the executrix "to disburse from my estate to such worthy persons and objects as she may deem proper, such sums as it is her pleasure thus to appropriate, not to exceed in all five thousand dollars," and we said (p. 255): "We think the law never intended to accept as a valid will so vague and indefinite a direction, such a mere authority. It is in no proper sense a will. It indicates no intent whatever on the part of the testator as to the disposition of his property. It is really a public declaration that he has no such intent. It is a travesty of terms to call such an instrument a will"; and, again (p. 256): "It is well established . . . that a gift to a charitable use must designate the particular charitable use by making the gift to some charitable corporation, whose charter provides for a charitable use of its funds, or to some particular object or purpose that the law recognizes as charitable. It is enough if the object be mentioned, and the law can see that it is a charitable one; but it is not enough that

the gift be merely 'to charitable uses' or 'to be used in charity,' so long as no selection is made from the long list of charitable . . . objects. And it is not enough that some person is named to whom is given the power of naming the charity. That is the testator's own matter." Of this case we said in *Cheshire Bank & Trust Co.* v. *Doolittle,* 113 Conn. 231, 234, 155 Atl. 82: "The bequest was held invalid since the power given the widow was, not to select the particular beneficiaries of a class named, but to select the charity itself."

Under our law as it existed previous to the enactment of § 4825 of the General Statutes, while a testator might expressly or impliedly authorize a trustee to select the beneficiaries who came within a particular charitable purpose or purposes designated by him, he was required, in order to create a valid charitable trust, to designate, with some degree of certainty at least, the charitable purpose or purposes intended. It was evidently to remove this requirement that the statute was enacted. As passed by the Legislature, Chapter 160 of the Public Acts of 1925 included not only the provisions found in § 4825 of the General Statutes, but also those now in §§ 4826 and 4827. Section 4826 authorizes the incorporation into a will by reference of any resolution, declaration or deed of trust establishing a charitable community trust, validates a gift made to such a trust and authorizes the use of the property given in accordance with the instrument establishing it. Section 4827 requires an annual accounting to the Probate Court as regards any such community trust. The broad provisions of § 4825 were clearly intended to pave the way for the later authorization of gifts to charitable community trusts. As to the purpose of these, the statute contains no restrictions; they are left to be determined by the resolution, declaration or deed by which they are estab-

lished; and they may, therefore, so long as restricted to charitable uses, be in the broadest terms. See 2 Bogert, Trusts & Trustees, § 330. The legislative intent was evidently to make it possible to create a charitable use which did not meet the requirements of our previous decisions that the testator must designate the particular charity or class of charities to which he desired his property to be devoted.

This interpretation of the statute is supported by the clause: "provided the donor or testator shall give to the trustee or trustees thereof or to any other person or persons, the power to select, from time to time and in such manner as such donor or testator may direct, the charitable purpose or purposes to which such property or the income thereof shall apply." Nor does the phrase in this clause "and in such manner as such donor or testator may direct" have the effect of limiting the statute to cases where the testator or donor has directed the manner in which the selection shall be made. The whole purpose of the statute was to broaden the rules as to certainty necessary to make charitable trusts valid and such a requirement would be more restrictive than that established by our decisions previous to the enactment of the statute. *Shannon* v. *Eno*, supra, and cases therein cited. The phrase merely means that if the testator gave directions as to the manner of selection, his intention should be given effect.

In *Cheshire Bank & Trust Co.* v. *Doolittle*, supra, we sustained a gift of the residue of an estate to a relative of the testatrix to be used by her "for either Home or Foreign Missions, trusting she will see that it will go where the need is greatest." We pointed out that under our previous decisions this gift would not be invalid for uncertainty, but, referring to § 4825 of the General Statutes, we added (p. 235): "Under

the provisions of this statute a testator is not required to designate the particular charitable purpose for which the property is used. The gift is valid if the testator gives the trustee power to select such purpose, and no gift accompanied by such power of selection is void for ·uncertainty." In *Mitchell* v. *Reeves,* 123 Conn. 549, 196 Atl. 785, we sustained a gift to a trustee, the income to be distributed to corporations, organizations or trusts located or operating in the city of New London "which are devoted exclusively to religious, charitable, scientific, literary, historical or educational purposes, including the encouragement of art, and ·which under the federal and state succession, transfer and inheritance estate tax laws at the time of my death ·or at the time they are assessed are exempt from taxation," the selection of beneficiaries to be made in the discretion of the trustee. We said (p. 552): "If, under· the will, the trustee can distribute the income only to corporations, organizations and trusts which are exclusively devoted to charitable purposes, the power of selection given to the trustee is sufficient to sustain the trust against the claim that it is too indefinite and uncertain. General Statutes, § 4825. Under the provisions of this statute a testator is not required to designate the particular charitable purpose for which the property is to be used." We construed the provision in question as restricted to corporations, organizations and trusts exclusively devoted to charitable uses and so construed the gift was not more circumscribed in respect to the possible beneficiaries than the one before us.

The construction thus placed on the statute makes our law correspond with the modern trend to uphold charitable gifts in trusts where the trustee is given an unlimited right of selection. *Kirwin* v. *Attorney ·General,* 275 Mass. 34, 40, 175 N. E. 164; *King* v.

*Rockwell*, 93 N. J. Eq. 46, 48, 115 Atl. 40; *Anderson's Estate*, 269 Pa. St. 535, 112 Atl. 706; *In re Planck's Estate*, 150 Wash. 301, 306, 272 Pac. 972; *Selleck v. Thompson*, 28 R. I. 350, 67 Atl. 425; 2 Bogert, op. cit., 1140. Of the right of the Legislature to make such trusts valid, there can be no question. "Since the right to transmit or receive property upon the death of the owner is not an inherent right but purely a privilege granted by the State, it is obvious that the privilege may be abridged or coupled with conditions at the will of the State." *Blodgett* v. *Bridgeport City Trust Co.*, 115 Conn. 127, 142, 161 Atl. 83. Nor is such a trust one over which the courts cannot exercise supervision, for they can prevent its use for any purpose other than charitable. 2 Bogert, op. cit., 1139.

While trusts for education often redound to the personal profit of the beneficiaries they are sustained as for a charitable purpose upon the broad ground that the education of individuals forwards the cause of civilization and humanity. *Washburn College* v. *O'Hara*, 75 Kan. 700, 704, 90 Pac. 234; 2 Bogert, op. cit., § 374; Zollmann, Charities, §§ 291, 293. It has been said by high authority that "all gifts for the promotion of education are charitable, in the legal sense." *Russell* v. *Allen*, 107 U. S. 163, 172, 2 Sup. Ct. 327. To this, it may be conceded, there are exceptions as in those instances where the gift would directly result in a pecuniary profit to the proprietors or stockholders of a private institution. Restatement, 2 Trusts, § 376; 2 Bogert, op. cit., § 365. However, in view of certain of our cases cited by counsel which deal with questions as to the effect of provisions in the statutes granting exemptions from taxation, it may be well to point out that a trust may be charitable even though it is taxable, for the Legislature can tax all charitable trusts or such only of them as are

characterized by distinguishing elements. *Corbin* v. *Baldwin,* 92 Conn. 99, 111, 101 Atl. 834. Where there is nothing in a will to indicate a different intent, a gift for educational purposes carries with it a strong, even if not a controlling, indication that it is intended to be one within the field of charitable uses. Restatement, 2 Trusts, § 370. Ordinarily a bequest to such educational institutions as the trustee may select is interpreted not to include educational institutions conducted for private profit and is a charitable bequest. Restatement, op. cit., § 376, Comment a. It has been pointed out that in the case of such a gift, had the testator had in mind the use of the fund for the profit of any person or institution he would hardly have failed to designate those who were to benefit; *Noice* v. *Schnell,* 101 N. J. Eq. 252, 263, 137 Atl. 582; and this consideration is illustrated in *Butterworth* v. *Keeler,* 219 N. Y. 446, 114 N. E. 803, where a trust to establish a school for girls was held valid against the claim that it might be one for private profit. Indeed in many trusts for education the words by which they are created leave open a possibility of uses for purposes not charitable, but the trusts have been sustained. *Treat's Appeal,* 30 Conn. 113; see 2 Bogert, op. cit., § 374. Nor is it without significance as indicating that such trusts are ordinarily understood to be for a charitable purpose that our ancient statute of charitable uses protects, without qualification, grants for the maintenance of "schools of learning." General Statutes, § 5000.

It is true that in *Mitchell* v. *Reeves,* 123 Conn. 549, 196 Atl. 785, we went to some pains to examine the will as a whole in reaching our conclusion that the trust was intended to be restricted to charitable purposes but that will specified uses where there was not so much of a connotation of devotion to charity as

the word "educational" suggests. In this instance the word "charitable" in conjunction with the word "educational," without other description of the nature of the purposes to which the property was to be devoted, sufficiently indicates that a charitable intent characterized the whole gift. In *Haynes* v. *Carr,* 70 N. H. 463, 483, 49 Atl. 638, the court had before it a gift where the same words as in the will before us were used and the trust was sustained as one for a charitable use. The intent to devote the fund to charity being present, a narrower interpretation can properly be given to the word "educational" than it might import in its broadest significance, particularly in view of the favor with which courts regard charitable trusts and the rules that they are to be sustained if it is reasonably possible to do so and that every reasonable intendment is to be made in order to uphold them and make them effective. *Mitchell* v. *Reeves,* supra, 556. Our conclusion is that the trust set up in the will is valid. This makes it unnecessary to answer the questions addressed to the disposition of the fund in the event that it should be held invalid.

The testator made provision for his wife and nephew during their lives in these terms: "All the rest, residue and remainder of my estate, both real and personal and wherever situated, I give, devise and bequeath to The Westport Bank & Trust Company, hereinafter named, to be held in trust for the benefit of my said wife as long as she shall live, with the power to use the income and any part of the principal, at its discretion, for the care and support of my said wife." "After the death of my said wife, or in case of her incompetency, I charge said trustee with the care and support of her nephew, H. Leslie Perry, with power to use at its discretion the income and any part of the principal for his support." Mrs. Fable survived the

testator for about three years. She made no written election to accept or refuse the provisions made for her in the will, but she did receive certain personal property specifically bequeathed to her in it, as well as a widow's allowance. She has been paid no portion of the income of the trust fund which accrued during her life. We are asked whether her executor is now entitled to such income. The provision in the gift to her that the residue of the testator's estate is to be held in trust "for the benefit of my said wife" must be read in conjunction with the rest of the paragraph. *Bridgeport-City Trust Co.* v. *Beach,* 119 Conn. 131, 136, 174 Atl. 308. The testator did not give to Mrs. Fable a life use of the income of the fund, nor did he direct the trustee to pay to her that income. The thought in his mind was to assure that she should have care and support so long as she lived, and he made provision for that by empowering the trustee to use the income "for the care and support of my said wife." The words quoted are a limitation upon the power of the trustee to use the income for her. *Russell* v. *Hartley,* 83 Conn. 654, 660, 78 Atl. 320; *Jaretzki* v. *Strong,* 98 Conn. 357, 367, 119 Atl. 353. It does not appear in the agreed statement of facts that there had been any occasion, not to say necessity, for using the income for such purposes. While the provisions for the nephew differ in phraseology from those made for the wife, we cannot find in that fact any sufficient reason for construing the provisions for the latter otherwise than we have done. It follows that the executor of Mrs. Fable's estate cannot now claim that income, but, in accordance with the succeeding paragraph, it falls into the residue as a part of "the balance remaining in said trust fund, including all accrued income."

The only remaining question is whether the Superior

Court has jurisdiction to approve the beneficiaries to whom the trustee proposes to distribute the fund. While the court will not interfere with a discretionary power vested in a trustee, in the absence of a showing of fraud, bad faith or an abuse of discretion, a trustee may properly seek its advice as to the legality of action which it proposes to take. *McCarthy* v. *Tierney,* 116 Conn. 588, 591, 165 Atl. 807. The trustee would not be entitled to ask the court to advise it in the selection of the particular purposes to which the fund should be devoted, but, having selected such a purpose, it would be entitled to seek advice as to whether that purpose was a proper one to benefit by the distribution of the fund. 2 Bogert, op. cit., § 397; see *Minns* v. *Billings,* 183 Mass. 126, 66 N. E. 593.

To the first question propounded, asking whether the provision of the will empowering the trustee to distribute the balance of the trust fund to charitable and educational purposes is valid, we answer "Yes." To the second question, asking whether the Superior Court has jurisdiction upon the application of the trustee to approve the proposed beneficiaries selected by it, we answer that the court has jurisdiction to advise the trustee whether the beneficiaries selected by it are within the class of beneficiaries to whom the fund may legally be distributed. To the fifth question, asking whether the executor of Mrs. Fable is entitled to receive the income of the fund accruing during her lifetime, we answer "No." The other questions require no answer.

No costs will be taxed in this court to any party.

In this opinion the other judges concurred.