IN RE APPLICATION OF WILLIAM B. W. SMITH, SUCCESSOR TRUSTEE

MALTBIE, C. J., BROWN, JENNINGS, ELLS and DICKENSON, Js.

Argued April 2—decided May 7, 1946

*David Goldstein,* for Herman Katz, intervenor.

*Herbert L. Cohen,* for Nathan H. Schine, intervenor and appellant.

*John S. Barton,* for W. B. W. Smith, successor trustee.

MALTBIE, C. J.   In this proceeding William B. W. Smith, as successor trustee under a mortgage for various holders of notes, seeks approval by the Superior Court of the sale of a property which he had foreclosed to Nathan H. Schine, asking also advice and such further relief as the court deems appropriate. The matter is presented in the form of an application made by the trustee to the court. It is not in the form of a complaint under the Practice Act; no persons are named as defendants; and there is no direction to a proper officer to serve a writ, but in place of it there is a prayer for an order to show cause, to be served upon the noteholders. Such notice was ordered, and, previous to any action by the court, appearances and applications for leave to intervene were filed by two persons who had made bids for the purchase of the property, and an appearance and application for leave to intervene by one noteholder. There were no pleadings filed by way of answer by any party. The trial court on December 21, 1945, made an order in which Schine was "relieved and freed from his contractual obligation," and in which it was provided that sealed bids for the

property should be filed with the clerk of the Superior Court on or before a certain day. Thereafter, an appearance was filed by Schine and he took an appeal from the order of the court. Subsequently, the court authorized the trustee to accept an offer for the premises made by Herman Katz and to convey them to him. Katz has moved to erase the appeal by Schine on the ground that the order from which it was taken was not a final judgment and that Schine was not "aggrieved" by it in such a sense that he had the right to appeal from it. We are, however, confronted with another question: Did the Superior Court have jurisdiction of the matter presented in the application? If it did not, we have no jurisdiction over the appeal; nor does the fact that no party before us raises the question absolve us from the duty of inquiring into the matter. *Lapinski* v. *Copacino,* 131 Conn. 119, 122, 38 A.2d 592; Conn. App. Proc. § 32.

So far as material to the questions before us, the allegations of the application are as follows: Resnik, owner of a certain piece of property in Bridgeport, mortgaged it to the Bridgeport Land and Title Company as trustee to secure one hundred and seventy-two notes of the aggregate face value of $150,-000. These notes were sold to various purchasers. Resnik defaulted in the performance of the covenants of the mortgage and the equity in the property came by mesne conveyances to a corporation all of the stock of which was owned by the Land and Title Company. That company went into receivership, and the receiver, at the request of a majority of the noteholders, applied to the Superior Court in the receivership proceeding to have the Land and Title Company removed as trustee. The court,

granting the application, appointed the applicant as successor trustee. The mortgage contained a provision that, if a strict foreclosure of the property was obtained, the trustee should hold title in trust for the owners of the notes, "to be sold, however, within a reasonable time thereafter" and the proceeds distributed in accordance with the further provisions contained in the mortgage. A strict foreclosure of the property was obtained. On October 26, 1945, Smith, as trustee, made a contract for the sale of the property to Schine for the sum of $100,-000, subject to various adjustments. In that agreement it was provided that it should be binding upon the seller only "upon approval hereof by the Court having jurisdiction of the Seller as such Successor Trustee," that the seller would submit the agreement for approval, and that, if the court should disapprove, the deposit which Schine had made would be returned to him and the agreement would terminate, but if the court should approve it, then the contract would be fully binding.

Jurisdiction cannot be conferred upon a court simply by a provision in a contract. *Parker, Peebles & Knox* v. *El Saieh*, 107 Conn. 545, 557, 141 A. 884; *Marcil* v. *Merriman & Sons, Inc.*, 115 Conn. 678, 682, 163 A. 411. Indeed, if the parties to an agreement could, by a provision contained in it, call upon a court to approve or disapprove a contract, the scope of the jurisdiction of our courts would be greatly extended into fields authorized neither by statute nor by any principles of the common law. Counsel for the applicant, not disputing this proposition, seeks to bring the matter within the provisions of § 5925 of the General Statutes. This section gives the Superior Court jurisdiction, "on the

complaint of the trustee or any party beneficially interested in the trust," to order the sale of real estate held in trust when, "by reason of a change of circumstances or in the condition of such real estate since the creation of such trust, the execution thereof in exact accordance with the terms of such deed or will has or shall become impossible, or would fail to secure the objects manifestly intended by the grantor or testator in such deed or will," with a further provision that all parties interested in the property by reason of the trust, or as reversioners, "shall be made parties to any action" brought under the statute.

There are no allegations in the record before us which show any such situation as defined in the statute. Counsel for the applicant in his brief states that the mortgage agreement contained a provision that, if the original trustee should resign or otherwise become incapable of acting, the owners of the majority of the amount of the notes secured and outstanding might, by an instrument or instruments signed by them, appoint a successor trustee who should be either a national bank or a Connecticut trust or title company having its principal place of business in Bridgeport. It may be that under the statute the Superior Court could, under certain circumstances, as incident to an order of sale of property, appoint a successor trustee in substitution for the method provided for such an appointment in the mortgage agreement. However that may be, it is not contested that the court did act properly in appointing the applicant. So far as appears, when the applicant as successor trustee secured title to the property by foreclosure it became his duty to sell it within a reasonable time, and no facts are

stated which indicate in any way that a sale by him could not be made in strict accordance with the terms of the mortgage or that such a sale would not secure the objects intended to be accomplished by the grant to him of such a power. Indeed, the obvious purpose of the applicant was not to seek such an order for the sale of the property as the statute contemplates but to secure approval of an agreement of sale he had already made; and that sale was one made under authority of the mortgage, not by order of court. Moreover, the provisions of the section clearly contemplate a writ and complaint in the usual form, not such an informal application by the trustee as the one before us. The proceeding cannot be construed as one brought under this statute.

It is true that the application does contain a request by the trustee for advice. However, there are no allegations appropriate to such an action, nor does it take the form of the writ and complaint proper for obtaining such relief. *South Norwalk Trust Co.* v. *Knapp,* 128 Conn. 426, 432, 23 A.2d 519; Practice Book, Form No. 506. The mortgage reposed in the trustee a discretion to sell, and, in the absence of any claim that he abused it or did not act in good faith, the court would in any event be without power to direct him in the exercise of that discretion. *Brackett* v. *Middlesex Banking Co.,* 89 Conn. 645, 658, 95 A. 12; *McCarthy* v. *Tierney,* 116 Conn. 588, 591, 165 A. 807; *Spencer's Appeal,* 122 Conn. 327, 333, 188 A. 881; *Westport Bank & Trust Co.* v. *Fable,* 126 Conn. 665, 677, 13 A.2d 862. The application cannot be regarded as an action by the trustee to secure advice of the court.

The trial court was, and we are, without juris-

diction to decide the issues presented by the application.

The appeal is erased from the docket.

In this opinion the other judges concurred.