[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Memorandum of Decision
The principle issues in this zoning appeal are (1) whether one of two remaining co-trustees may maintain such an appeal without the approval of the other, and, (2) if not, whether the individual who is the plaintiff trustee may be added as a party plaintiff in her individual capacity and in her capacity as executrix, after the time to commence a zoning appeal has expired.
The plaintiff trustee has appealed the action of the Planning Zoning Commission of the Town of Westport (commission) granting an application for a special permit and site plan approval with respect to property located at 310 Post Road West in Westport. The trustees of the Janet K. Bernhard Revocable Trust No. 1 own property abutting that parcel. The defendants 300 PRW Associates and The Conservative Synagogue, the applicants before the commission, have moved to dismiss the appeal. The gravamen of the motion to dismiss is that the plaintiff as trustee is not aggrieved because the other trustee does not consent to the taking of this appeal.
The plaintiff claims that she is aggrieved in three capacities, as a co-trustee, as an executrix of the estate of the person who owned the property at the time of her death, and individually. At the outset, therefore, it is necessary for the court to determine in what capacity the plaintiff has taken this appeal. CT Page 4560
The civil summons form names the plaintiff as "Jean Bernhard Buttner, Trustee[,] 21-23 Sylvan Road North, Westport, CT 06880" That, however, does not settle the issue. "The character in which one is made party to a suit must be determined from the allegations of the pleadings, and not from the title alone . . . . Where the allegations of the complaint indicate with reasonable certainty that a plaintiff sues . . . in a representative capacity, although not specifically stated, this is sufficient to fix the character of the suit. Where it is doubtful in what capacity a party sues . . . the entire complaint maybe examined to determine the question; and reference may also be had to the pleadings as a whole or the entire record." 67A C.J.S., Parties, § 117; see Boyd v. Nelson'sRestaurant,] 4 C.S.C.R. 7 (1988); cf. Lussier v. Department ofTransportation,] 228 Conn. 343, 350-352n. 7, 636 A.2d 808 (1994); but see Goodrich v. Alfred, 72 Conn. 257, 261, 43 A. 1041
(1899) ("The parties to a suit are made by the writ or process, not by the complaint or pleading.").
As noted above, the summons identifies the plaintiff as trustee. The bond required to be executed by a plaintiff in a zoning appeal; General Statutes § 8-8(h); identifies in its text the plaintiff individually as the principal on the bond and the plaintiff has signed in that capacity. The manuscripted citation identifies the plaintiff in her capacity as trustee. A prefatory paragraph to the amended complaint identifies the plaintiff in her capacity as trustee. Paragraph one of the complaint then states: "Jean Bernhard Buttner, Trustee (hereinafter the `Plaintiff') is an owner of certain residential property known as 21-23 Sylvan Road North . . . . The Plaintiff also [is] the Executrix of the Estate of Janet Bernhard who, at the time of her death, was also an owner of said property." Paragraph 13 states: "The plaintiff as owner of the abutting adjacent property is aggrieved as a result of the . . . actions of the Commission." The complaint is signed in the name of "The Plaintiff Jean Bernhard Buttner, Trustee" by her attorney. Until the filing of the motion to dismiss, the plaintiff continued to sign her pleadings in the name of "The Plaintiff Jean Bernhard Buttner, Trustee".
"The modern trend, which is followed in Connecticut, is to construe `pleadings broadly and realistically, rather than narrowly and technically.'" Beaudoin v. Town Oil Co., 207 Conn. 575, 587-588,542 A.2d 1124 (1988). However, "`essential allegations may not be supplied by conjecture of remote implication.'" Cahill v. Boardof Education, 198 Conn. 229, 236, 502 A.2d 410 (1985). Examining CT Page 4561 the record as a whole; 67 C.J.S., Parties, § 117; and construing the pleadings broadly and realistically compels the unremarkable conclusion that the plaintiff is Jean Bernhard Buttner, Trustee. Nothing suggests that the plaintiff sued or intended to sue in her individual capacity. The isolated statement that Buttner is "also the executrix of the estate of Janet Bernhard", in the context of the record as a whole, clearly does not evince an intention to assert party status in that capacity.
The record further establishes that the plaintiff is a co-trustee of an estate; there is only one other co-trustee.[1] That other co-trustee did not consent to the taking of this appeal and does not now consent.
With few exceptions, none of which are applicable here, "it is a settled rule of trust law that where there are multiple trustees, the powers conferred upon them can only be exercised by a majority . . . ." Belcher v. Conway, 179 Conn. 198, 206, 425 A.2d 1254
(1979); see Bourdeau, Folsom Wilhelm, Connecticut Estates Practice Trusts § 7:6 ("Unlike executors and administrators, co-trustees must act unanimously in the exercise of their powers."); Scott on Trusts (4th Ed. Fratcher) § 194; Bogert, Trusts Trustees (2d Ed. Rev'd) §§ 121 (pp. 360-361), 554. The rule is recognized in the Restatement. Section 391 of the Restatement (Second), Trusts, provides: "If there are two or more trustees, the powers conferred upon them can properly be exercised only by all the trustees, unless it is otherwise provided by the terms of the trust." Here, Article Sixth, paragraph H of the trust instrument provides: "Any action taken by a majority of the Trustees shall be binding on this trust and may be relied on by third parties dealing with the Trustee. If there are only two Trustees acting hereunder and if they cannot agree, the Trustees shall appoint a third Trustee. If the Trustees cannot agree on a third Trustee, each trustee shall appoint an additional Trustee, and the two additional trustees shall appoint a fifth Trustee." This mechanism for the appointment of additional trustees to break a deadlock was not employed here.
The plaintiff counters that the defendants' argument confuses trust law with the test for aggrievement. "The fundamental test by which the status of aggrievement is determined encompasses a well-settled twofold determination. First, the party claiming aggrievement must successfully demonstrate a specific, personal and legal interest in the subject matter of the decision, as distinguished from a general interest, such as is the concern of all members of community as a whole. Second, the party claiming CT Page 4562 aggrievement must successfully establish that this specific personal and legal interest has been specially and injuriously affected by the decision." (Citations and internal quotation marks omitted.) Winchester Woods Associates v. Planning ZoningCommission, 219 Conn. 303, 307, 592 A.2d 953 (1991); see NewEngland Rehabilitation Hospital of Hartford, Inc. v. CHHC,226 Conn. 105, 121, 627 A.2d 1257 (1993).
The dictates of trust law cannot be ignored here in determining whether the plaintiff is aggrieved because the specific legal interest which the plaintiff asserts is in her capacity as a co-trustee. The "trustee" has one jural personality which, in the case of co-trustees, must be shared by two persons. "The powers of trustees of a private trust, whether they are imperative or discretionary, personal or attached to the office, are held jointly, in the absence of statute or contrary direction in the trust instrument. The trustees are regarded as a unit. . . . They hold their powers as a group so that their authority can be exercised only by the action of all trustees. When the administration of a trust is vested in co-trustees, they all form but one collective trustee." Bogert, Trusts and Trustees (2d Ed. Rev'd) § 554. The court cannot perform psycho-jural surgery on "the trustee" in order to separate its conflicting opinions and thus confer standing on the plaintiff. To do so would be to resolve the conflict in favor of the plaintiff; this would be beyond the bounds of judicial functions. Cf. [McCarthy v. Tierney,] 116 Conn. 588, 593,165 A. 807 (1933).
The court recognizes that a land use appeal presents a particular problem where there are co-trustees. Such an appeal must be taken within fifteen days from the date that notice of the decision is published. General Statutes § 8-8(b). "`Appeals to courts from administrative agencies exist only under statutory authority.Tazza v. Planning Zoning Commission, 164 Conn. 187, 190,319 A.2d 393 [1972]; East Side Civic Assn. v. Planning Zoning Commission,161 Conn. 558, 560, 290 A.2d 348 [1973]. . . . Provisions in statutes fixing a time within which to take an appeal are designed, in the public interest, to secure a speedy determination of the issues involved. Fidelity Trust Co. v. Lamb, 164 Conn. 126, 132,318 A.2d 109 [1972]. "Time is not merely a procedural limitation but is an essential part of the remedy." Del Grosso v. Board ofAppeal, 330 Mass. 29, 32, 110 N.E.2d 836. Such provisions are mandatory, and, if not complied with, render the appeal subject to abatement. Daley v. Board of Police Commissioners, 133 Conn. 716,719, 54 A.2d 501 [1947].'" Royce v. Freedom of InformationCT Page 4563Commission, 177 Conn. 584, 587, 418 A.2d 939 (1979).
"It seems that in exceptional cases some courts are inclined to allow one trustee to exercise joint power. The basis for approval is the urgent necessity for prompt action in order to protect the trust. Thus it has been held that where one trustee was residing in England and the other in Georgia, the latter might act with regard to property in Georgia without the concurrence of the trustee in England." Bogert, op.cit., § 554, pp. 99-100. In such circumstances the other trustees must later ratify or acquiesce in the action taken. Scott on Trusts, op.cit., § 194, pp. 164-165; Bogert, op.cit., § 554, p. 107.
This case is not within that exception. There is no suggestion that the other co-trustee ever has been absent or unable to act. Moreover, far from ratifying or acquiescing in the taking of this appeal, that other co-trustee persists in his opposition. While there is evidence that the plaintiff, at or about the time of the commission action nearly one year ago, may have attempted to elicit her co-trustee's consent to the taking of this appeal and that the other co-trustee did not respond, the inability of "the trustee" to act cannot be ascribed to the absence of the co-trustee. Even if the court were to indulge in the fiction that the co-trustee's refusal to respond to the plaintiff's inquiries amounted to a constructive absence, when it became clear many months ago that the refusal to respond was clearly a refusal to consent to the bringing of this appeal, the plaintiff failed to follow the procedure prescribed in the trust instrument for breaking such a deadlock.
The plaintiff cites Hayden v. Zoning board of Appeals,26 Conn. Sup. 168, 214 A.2d 837 (1965), in support of her claim that one of several trustees may have standing to take a zoning appeal.Hayden, however, held only that "one of several owners of the property allegedly injuriously affected by the action of the defendant board" had a sufficient interest in the property to prosecute the appeal. Id., 169-170. See also Smith v. Planning Zoning Board, 3 Conn. App. 550, 555-556, 490 A.2d 539 (1985), affirmed, 203 Conn. 317, 524 A.2d 1128 (1987). Neither Hayden nor any other authority cited by the plaintiff, or found by the court, holds that one trustee may maintain a lawsuit against a third party in which the one other trustee refuses to join. The plaintiff's attempt to analogize the status of a co-trustee with that of an executor or life tenant must also fail. A life tenancy is a freehold estate; Smith v. Planning Zoning Board, supra, 203 Conn. at CT Page 4564 323; and both a life tenancy and an executorship are distinguishable from the office of trustee. See generally, 1 Scott, op.cit., §§ 4A, 6, 6.3; Wilhelm, Connecticut Estates Practice:Settlement of Estates §§ 124, 125.
Finally, the plaintiff has requested leave to amend her complaint, ostensibly to assert her interest in her individual capacity and as executrix of the estate of Janet K. Bernhard. The defendants have objected to this request. General Statutes § 8-8(p) provides: "The right of a person to appeal a decision of a board to the superior court, and the procedure prescribed in this section, shall be liberally interpreted in any case where a strict adherence to these provisions would work surprise or injustice. The appeal shall be considered to be a civil action and, except as otherwiserequired by this section or the rules of the superior court, pleadings may be filed, amended or corrected, and parties may be summoned, substituted or otherwise joined, as provided by the general statutes." (Emphasis added.) This provision of General Statutes § 8-8 was part of a general revision of that statute undertaken in 1989. See Public Acts 1989, No. 89-356. Prior to that revision it had been settled that a zoning appeal was not a civil action; Sheehan v. Zoning Commission, 173 Conn. 408, 411,378 A.2d 519 (1977); and that a zoning appeal could be taken only by strict compliance with the applicable statutory provisions. Simko v.Zoning Board of Appeals, 205 Conn. 413, 419, 533 A.2d 879 (1987), reaffirmed on reargument, 206 Conn. 374, 538 A.2d 202 (1988). General Statutes § 8-8(p) requires that judges and practitioners steeped in a another tradition treat procedural issues arising in such appeals differently than that tradition otherwise might require. Cf. Norwalk Street Ry. Co.'s Appeal, 69 Conn. 576, 586,37 A. 1080 (1897).
The plaintiff's attempt to add herself as a party in her individual capacity and as executor, nevertheless, must fail. Preliminarily, it may be observed that the request seeks to add new parties to the appeal, and this can only be done by motion. See Practice Book § 103. "Practice Book § 103 provides that a motion to cite in or admit new parties must comply with § 196 and state briefly the grounds upon which it is made." Fuller v. Planning Zoning Commission, 21 Conn. App. 340, 346, 573 A.2d 1222 (1990). While the court will not permit that mistake in procedure to prevail over the substance of the plaintiff's request, the court concludes that the substance of the request must be denied.
Disposition of the plaintiff's request to amend must be CT Page 4565 informed by three mandates contained in General Statutes § 8-8. First, § 8-8 provides for an appeal period of only fifteen days from the date that the decision of the board is published. This brief time to appeal is not merely a procedural limitation but is an essential part of the remedy. Royce v. Freedom of InformationCommission, supra. If the appeal is not timely taken, a motion to dismiss it must be granted. Bridgeport Bowl-O-Rama v. Zoning Boardof Appeals, 195 Conn. 276, 283, 487 A.2d 559 (1985). Secondly, § 8-8
now provides that the right to appeal a decision of a zoning board "shall be liberally interpreted in any case where a strict adherence to these provisions would work surprise or injustice." Thirdly, by statutory fiat, a zoning appeal now is "considered to be a civil action. . . ."
In this case, the fifteen day appeal period long ago expired. Ordinarily, this alone would be dispositive. Bridgeport Bowl-O-Ramav. Zoning Board of Appeals, supra. However, the rule with respect civil actions is that if the amendment which the plaintiff seeks would not allege a new cause of action, it relates back to the date of the original complaint. Giglio v. Connecticut Light Power Co.,180 Conn. 230, 239-240, 429 A.2d 486 (1980); see [Sharp v. Mitchell,209 Conn. 59, 71-72, 546 A.2d 846 (1988); Felsted v. Kimberly AutoServices, Inc., 25 Conn. App. 665, 667, 596 A.2d 14 (1991); cf.Federal Deposit Insurance Corporation v. Retirement ManagementGroup, Inc., 31 Conn. App. 80, 84-85, 623 A.2d 517, cert. denied,226 Conn. 908, 625 A.2d 1378 (1993). In Champagne v. Raybestos-Manhattan,Inc., 212 Conn. 509, 562 A.2d 1100 (1989), the court held that a wrongful death action asserted by the plaintiff as administratrix of her husband's estate and an action for loss of consortium asserted by the plaintiff in her individual capacity were separate causes of action. Id., 563-564; cf. Isaac v. MountSinai Hospital, 3 Conn. App. 598, 490 A.2d 1024, cert. denied,196 Conn. 807, 494 A.2d 904 (.1985).[2] Bound by the holding in Champagne,
this court holds that the amendment by which the plaintiff seeks to add herself as party plaintiff individually and in her capacity as executrix would assert different causes of action from that already pleaded.[3] Therefore, the amendment would not relate back to the date of the complaint and would be barred by the fifteeen [fifteen] day appeal period in General Statutes § 8-8(b).[4] For that reason, the defendants' objection to the request to amend is sustained.
"The question of standing is essentially one of aggrievement.Beckish v. Manafort, 175 Conn. 415, 419, 399 A.2d 1274 (1978)."Munhall v. Inland Wetlands Commission, 221 Conn. 46, 54,602 A.2d 566 (1992). Since a majority of the trustees do not consent to the CT Page 4566 bringing of this appeal, the plaintiff lacks standing to maintain it. Jones v. Incorporated Village of Lloyd Harbor, 277 App.Div. 112
4, 100 N.Y.S.2d 948 (1950) (single co-trustee could not maintain action seeking declaratory judgment that certain zoning regulations were unconstitutional).
For these reasons, the appeal is dismissed.
Bruce L. Levin Judge of the Superior Court